IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
:
MICHAEL ERIC DRAKE,                           :
                                              :
                Plaintiff,            :   CIVIL ACTION
                                              :
      v.                                      :
                                              :   No. 11-5514
CITY OF PHILADELPHIA,                         :
PHILADELPHIA PRISON SYSTEM,                   :
PHILADELPHIA HEALTH SYSTEM and                :
FRANKFORD HOSPITAL,                           :
                                              :
                Defendants.           :
_____:

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                      **JULY 30, 2012**

      Presently before the Court is Defendant, City of Philadelphia's (the "City"), Motion to Dismiss against Plaintiff, Michael Eric Drake ("Drake"). Also, before this Court is Defendant, Frankford Hospital's ("Frankford"), Motion for Summary Judgment against Drake. For the reasons stated below, both Motions will be granted.

**I.     BACKGROUND**

      On September 30, 2011, Drake filed a pro se Complaint[1] under 42 U.S.C. § 1983[2] against

---

[1] We are mindful that pro se filings, such as Drake's Complaint, must be liberally construed. See Hartmann v. Carroll, 492 F.3d 478, 482 n.8 (3d Cir. 2007).

[2] Section 1983 reads as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or

the Defendants alleging civil rights violations regarding medical care that he received in the Philadelphia prison system. He also asserts a state law claim for medical malpractice against Frankford. Drake avers that "between August 5, 2011 through August 23, 2011," he "got bit by a spider" in the prison recreation yard, and that he complained to the prison staff for several days about it. (Compl. ¶ III(C).) Drake states that the bite became an open wound that turned into a staph infection and then to a "MRSA infection," and that the prison medical staff failed to give him proper treatment. (Id.) Drake contends that he was also seen at Frankford five days later, and that Frankford failed to properly treat the infection. (Id.) Drake further avers that he experienced severe head and neck pain as a result of the infections which the prison health services failed to adequately treat. This led him to be taken to Frankford again. (Id. ¶ IV.) At Frankford, Drake alleges that the physician who treated a wound on his head negligently failed to take any wound cultures, administer any IVs, order a CT scan, and prematurely discharged him without administering further treatment including surgery. (Id.)

      The City filed an Answer to the Complaint on January 4, 2012, and Frankford filed its Answer on March 5, 2012. We entered a Scheduling Order on March 6, 2012, ordering that all fact discovery shall be completed in this case by June 8, 2012. In addition, we ordered that Drake produce any expert reports offered in support of his causes of action no later than July 8, 2012. On May 24, 2012, the City filed the instant Motion to Dismiss based on Drake's failure to respond to written discovery and failure to attend his deposition. Frankford filed its Motion for Summary Judgment on July 10, 2012. To date, Drake has failed to respond to either Motion.

---

      other proceeding for redress.

42 U.S.C. § 1983.

## II.	STANDARDS OF REVIEW

### A.	Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). Pursuant to Rule 12(b)(6), the defendant bears the burden of demonstrating that the plaintiff has failed to set forth a claim from which relief may be granted. Fed. R. Civ. P. 12(b)(6); see also Lucas v. City of Philadelphia, No. 11-4376, 2012 WL 1555430, at *2 (E.D. Pa. May 2, 2012) (citing Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005)). In evaluating a motion to dismiss, the court must view any reasonable inferences from the factual allegations in a light most favorable to the plaintiff. Buck v. Hamilton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2002).

The Supreme Court set forth in Twombly and further defined in Iqbal a two part test to determine whether to grant or deny a motion to dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The United States Court of Appeals for the Third Circuit has noted that these cases signify the progression from liberal pleading requirements to more "exacting scrutiny" of the complaint. Wilson v. City of Philadelphia, 415 Fed. Appx. 434, 436 (3d Cir. 2011).

Initially, the court must ascertain whether the complaint is supported by well-pleaded factual allegations. Iqbal, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Twombly, 550 U.S. at 555. Conclusions of law can serve as the foundation of a complaint, but to survive dismissal they must be supported by factual allegations. Iqbal, 556 U.S. at 679. These factual allegations must be explicated sufficiently to provide a defendant the type of notice that is contemplated by Rule 8.

See Fed. R. Civ. P. 8(a)(2) (requiring a short and plain statement of the claim showing that the pleader is entitled to relief); see also Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Where there are well-pleaded facts, courts must assume their truthfulness. Iqbal, 556 U.S. at 679.

Upon a finding of a well-pleaded complaint, the court must then determine whether these allegations "plausibly" give rise to an entitlement to relief. Id. at 679. This is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. Plausibility compels the pleadings to contain enough factual content to allow a court to make "a reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. 544 at 570). This is not a probability requirement; rather plausibility necessitates "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility.'" Id. (quoting Twombly, 550 U.S. at 557). In other words, a complaint must not only allege entitlement to relief, but must demonstrate such entitlement with sufficient facts to nudge the claim "across the line from conceivable to plausible." Id. at 683; see also Holmes v. Gates, 403 Fed. Appx. 670, 673 (3d Cir. 2010).

    B.    **Motion for Summary Judgment**

Federal Rule of Civil Procedure 56(c) states that summary judgment is proper "if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." See Hines v. Consol. Rail Corp., 926 F.2d 262, 267 (3d Cir. 1991). The Court asks "whether the evidence presents a sufficient disagreement to require submission to the jury or

whether . . . one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). The moving party has the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "A fact is material if it could affect the outcome of the suit after applying the substantive law. Further, a dispute over a material fact must be 'genuine,' i.e., the evidence must be such 'that a reasonable jury could return a verdict in favor of the non-moving party.'" Compton v. Nat'l League of Prof'l Baseball Clubs, 995 F. Supp. 554, 561 n.14 (E.D. Pa. 1998).

Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Once the moving party has produced evidence in support of summary judgment, the non-moving party must go beyond the allegations set forth in its pleadings and counter with evidence that presents "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see Big Apple BMW, Inc. v. BMW of N. Am. Inc., 974 F.2d 1358, 1362-63 (3d Cir. 1992). "More than a mere scintilla of evidence in its favor" must be presented by the non-moving party in order to overcome a summary judgment motion. Tziatzios v. United States, 164 F.R.D. 410, 411-12 (E.D. Pa. 1996). If the court determines that there are no genuine issues of material fact, then summary judgment will be granted. Celotex, 477 U.S. at 322.

### III. DISCUSSION

#### A. The City's Motion to Dismiss

The City's counsel, Stephen Siegrist, Esq. ("Siegrist"), asserts that on March 28, 2012, he

sent written discovery requests to Drake at his address listed on the docket. However, Drake never responded to the request. (City's Mot. to Dismiss, Ex. B.) He notes that the letter concerning the requests was not returned to him. Siegrist also states that on April 10, 2012, he sent Rule 26 disclosures to this same address. (Id., Ex. C.) On May 2, 2012, he sent a letter to Drake advising him that he had not received the discovery responses, and if not received by May 15, 2012, he would file a motion to have his Complaint dismissed. (Id., Ex. D.) Drake never responded to these letters and the letters were not returned to Siegrist's office. Counsel for co-Defendant, Frankford, also scheduled Drake's deposition for May 2, 2012, but Drake failed to attend.

      Federal Rule of Civil Procedure 33(b)(2) provides that answers to interrogatories must be filed within thirty (30) days of service. See Fed. R. Civ. P. 33(b)(2). Drake has failed to answer the interrogatories or request an extension to do so. The City contends that this action should be dismissed pursuant to Fed. R. Civ. P. 37(d) due to Drake's failure to respond to discovery and attend his deposition. We agree.

      Rule 37(d)(3) provides that the Court may sanction Drake for these failures including all those listed in Rule 37(b)(2)(A)(i)-(vi). Rule 37 (b)(2)(A)(v) provides that the action may be dismissed in whole or part. See Fed. R. Civ. P. 37(b)(2)(A)(v). Here, as indicated, Drake has failed to comply with our Scheduling Order regarding discovery, and has failed to respond to any discovery requests from the Defendants. Moreover, Drake has not notified this Court that he has had an address change from the one listed on the docket. We, thus, assume that he has received all of the correspondence from counsel and has chosen not to comply with all of the requests, as well as our Scheduling Order. In addition, Drake has failed to respond to this Motion to Dismiss

which was filed on May 24, 2012, and has not requested an extension of time to do so.[3]

Accordingly, for all these reasons, we grant the City's Motion to Dismiss.[4]

### B.     Frankford's Motion for Summary Judgment

Frankford asserts that it is entitled to summary judgment on Drake's medical malpractice cause of action because Drake failed to file a certificate of merit with this Court as required under Pennsylvania law. Frankford also argues that summary judgment should be granted in its favor because Drake has failed to obey both this Court's Scheduling Order and prosecute his claims. We agree.

Under Pennsylvania law, a plaintiff bringing a professional malpractice action must, at the outset of the action, certify either that an expert has stated that there was malpractice or that an expert is not necessary to prosecute the action. Pa. R. Civ. P. 1042.3(a). The certification must be filed with the complaint or within sixty days of filing the complaint. Id. "The certificate of merit requirement prevents needless waste of judicial time and resources which would otherwise be spent on non-meritorious claims." Liggon-Redding v. Sugarman, 659 F.3d 258,

---

[3]Local Rule of Civil Procedure 7.1(c) provides in relevant part that:

> Unless the Court directs otherwise, any party opposing the motion shall serve a brief in opposition together with such answer or other response that may be appropriate, within fourteen (14) days after service of the motion and supporting brief. In the absence of timely response, the motion may be granted as uncontested except as provided under Fed. R. Civ. P. 56.

Local Civil Rule 7.1(c).

[4]Although counsel for the City does not specifically state so in this Motion, we assume that he is also representing named Defendants, Philadelphia Prison System and Philadelphia Health System, and has filed the instant Motion to Dismiss on their behalf as well. For all the same reasons discussed, we also dismiss the claims against these Defendants.

262-63 (3d Cir. 2011); see also Womer v. Hilliker, 908 A.2d 269, 275-76 (Pa. 2006).  Under Rule 1042.3(a), a plaintiff must certify with respect to each defendant that either:

> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm; or
>
> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard; or
>
> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa. R. Civ. P. 1042.3(a)(1–3).

Although it is a procedural rule, Pennsylvania's certificate of merit requirement has the effect of state substantive law.  Liggon-Redding, 659 F.3d at 264.  Thus, sitting in diversity, we are mandated to apply Rule 1042.3.  See Spence v. ESAB Group, Inc., 623 F.3d 212, 216 (3d Cir. 2010) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)).  The Liggon–Redding court also noted that Pennsylvania law expressly allows a plaintiff to proceed on the basis of a certification that expert testimony will not be required to prove his claim.  659 F.3d at 265.  The court added that "[o]f course, the consequence of such a filing is a prohibition against offering expert testimony later in the litigation, absent 'exceptional circumstances.'"  Id. (citing Pa. R. Civ. P. 1042.3(a)(3)).

Here, on March 23, 2012, Frankford served Drake with a "Notice of Intention to Enter Judgment of Non Pros" if Drake failed to file a certificate of merit within thirty (30) days as

required by Pa. R.C.P. 1042.3.[5]  (Frankford's Mot. Summ. J., Ex. B.)  Thereafter, Drake neither filed the necessary certificate of merit, nor requested an extension of time from this Court to file such a certificate.  In addition, he did not file a motion for determination by this Court that a certificate of merit was not required to be filed in this matter.  For these reasons, we grant summary judgment in favor of Frankford.

We also grant Summary Judgment due to Drake's failure to comply with our Scheduling Order and prosecute his claims.[6]  As noted earlier, we entered a Scheduling Order directing the parties to complete all fact discovery by June 8, 2012, and directing Drake to produce any expert reports by July 8, 2012.  On March 12, 2012, Frankford sent Drake a letter requesting available dates for him to be deposed and requesting that he provide the names of all medical providers with whom he has treated within the past five years.  (Id. at Ex. E.)  Drake failed to respond to this letter.  On March 27, 2012, Frankford sent Drake a second letter requesting the same which he also ignored.  (Id. at Ex. F.)  On April 19, 2012, Frankford sent Drake a notice of deposition to

---

[5]The cover letter with this Notice explained to Drake:

> This notice requires you to file a certificate of merit concerning your medical malpractice claims against Frankford Hospital **no later than April 23, 2012**.  If you fail to comply with this notice by April 23, 2012, then we will ask the Court to dismiss your claims against Frankford Hospital.

(Frankford's Mot. Summ. J., Ex. C.)

[6]We note that as of the date of this Memorandum Opinion, Drake has neither filed a response to this Summary Judgment Motion, nor has he requested an extension of time to do so.  Frankford filed this Motion on July 10, 2012.  Under Local Rule of Civil Procedure 7.1(c), Drake had fourteen (14) days after service of the Motion to file a response.  Thus, he had until July 24, 2012, to file a response.

take place on May 2, 2012, at the office of Frankford's counsel.[7]  (Id. at Ex. G.)  Drake, however, again did not respond to this letter and failed to appear at the deposition.  He also failed to contact Frankford's counsel to request that his deposition be rescheduled.

Moreover, Frankford's Motion should be granted because the record is devoid of any evidence establishing a prima facie case of medical malpractice against Frankford.  In order to establish a prima facie case of malpractice, a plaintiff must establish: (1) a duty owed by the physician to the patient; (2) a breach of duty from the physician to the patient; (3) that the breach of duty was the proximate cause of, or a substantial factor in, bringing about the harm suffered by the patient; and (4) damages suffered by the patient that were a direct result of that harm.  See Mitzelfelt v. Kamrin, 584 A.2d 888, 891-92 (Pa. 1990); see also Morena v. South Hills Health System, 462 A.2d 680 (Pa. 1983).

Here, as already noted, Drake has failed to produce any expert report or any other evidence for that matter which identifies any negligence on the part of Frankford.  Accordingly, for this reason, as well as the other reasons discussed above, Summary Judgment is granted in favor of Frankford.

An appropriate Order follows.

---

[7]In Frankford's cover letter which accompanied the notice of deposition, Drake was advised:

> If you are unavailable to be deposed on the date and time set forth above, please contact my office immediately so we can re-schedule your deposition for a date and time that are convenient for you.  We will be happy to accommodate your schedule provided that we are able to complete your deposition before the Court-imposed discovery deadline of Friday, June 8, 2012.

(Id. at Ex. G.)